21-597-cv
*Ferrarini v. Irgit*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand twenty-two.

Present:

> DENNIS JACOBS,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

MARIA SOLANGE FERRARINI,

> *Plaintiff-Appellant*,

> v.                                                                     21-597-cv

IPEK IRGIT, an individual, KIINI, LLC, a New York limited liability company,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | JACK M. RUTHERFORD, Rutherford Law, Los Angeles, CA. |
| For Defendants-Appellees: | MARK A. BERMAN (Robin D. Fineman, *on the brief*), Hartmann Doherty Rosa Berman & Bulbulia, LLC, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Maria Solange Ferrarini appeals from a judgment entered by the district court on February 17, 2021, granting Defendants-Appellees Ipek Irgit and Kiini, LLC's (together, "Defendants") motion for summary judgment on Ferrarini's copyright claim on statute of limitations grounds and Defendants' motion to dismiss Ferrarini's state law claims. We assume the parties' familiarity with the record.

This case centers on the copyright to a colorful crocheted bikini. In her amended complaint filed on April 11, 2019, Ferrarini asserted a claim against Defendants for, as she framed it, copyright infringement. On summary judgment, the district court agreed with Defendants that the gravamen of Ferrarini's copyright claim was one for ownership, not infringement, and the relevant statute of limitations inquiry was therefore when Ferrarini had notice of the ownership dispute. The district court concluded that there was no genuine dispute that Ferrarini had notice of Defendants' assertion of ownership by November 8, 2015. Because the applicable statute of limitations requires that an action be brought within three years of the accrual date, the district court concluded that Ferrarini's claim was time barred. *See* 17 U.S.C. § 507(b) ("No civil action shall be maintained . . . unless it is commenced within three years after the claim accrued."). Ferrarini now appeals, arguing that ownership is not in dispute, and the district court therefore applied the wrong framework to the statute of limitations inquiry. We disagree.

We review *de novo* a district court's grant of summary judgment, "drawing all factual inferences in favor of the party against whom summary judgment is sought." *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011); *see* Fed. R. Civ. P. 56(a). "In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020) (cleaned up); *see* 17 U.S.C. § 501.

Ferrarini's argument is foreclosed by our decision in *Kwan*. There, we held "that a time-barred ownership claim will bar a claim for copyright infringement where, as here, the infringement claim cannot be decided without adjudication of a genuine dispute as to the plaintiff's ownership of the copyright." *Kwan*, 634 F.3d at 226. Defendants have made clear that ownership *is* in dispute. *See, e.g.*, Appellees' Br. at 15 (stating that "Defendants do not concede that Plaintiff owns the copyright"); Joint App'x at 260 (arguing that "Plaintiff cannot show that she owns a valid copyright"); *id.* at 272 (asserting an affirmative defense that the "Ferrarini Bikini design is not entitled to protection under the Copyright Act"). Ferrarini filed her amended complaint on April 11, 2019. For her copyright claim to be timely, she must have been put on notice of Defendants' assertion of ownership no earlier than April 11, 2016. *See Horror Inc. v. Miller*, 15 F.4th 232, 257 (2d Cir. 2021) ("Generally, an ownership claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of his right in the work." (cleaned up)). Ferrarini's November 8, 2015, Facebook post makes clear that she had actual notice of Defendants' claim to ownership by at least that date. Indeed, Ferrarini protested that Kiini claimed to be the "creator of bikinis," which were her "creation since 1998." Joint

App'x at 230.   There is thus no genuine dispute of material fact that Ferrarini's copyright claim turns on ownership and is therefore time-barred under § 507.

*     *     *

We have considered Ferrarini's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk